# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

———————

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| vs. | ) | **Case No. 06-MJ-6-58 (TFH/JMF)** |
| | ) | |
| Don G. Muller, | ) | **FILED** |
| | ) | |
| Appellant. | ) | JUN 1 2 2008 |
| | ) | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RESPONSE TO COURT ORDER REGARDING ABOVE CASE

In response to the Order, dated May 29, 2008 (see Attachment A), to explain my reasons for a failure to file a "notice of appeal within the ten-day period," I offer the following:

As a pro se appellant living in Sitka, Alaska, I have made every effort to correctly submit my appeal. Working with the other three pro se appellants, I have tried to meet all requirements in order to appeal my conviction. The attached documents (Attachment B), submitted as part of my response to the Appeals Court Order, provide extensive proof of that long effort on my part, covering the period from June 19, 2006, until October 29, 2007.

In fact, it was only in the Order from the Appeals Court (see Attachment C), dated October 15, 2007—nine months after I filed my appeal—that I learned that I might have missed the ten-day deadline. (The deadline was either January 14 or January 15, 2007, and my appeal was sent registered/return-receipt on January 18, 2007, and received by the Clerk on January 22, 2007.) As late as March 29, 2007, when I called the Clerk of the Court, I was told that payment for the appeal had been received and all I needed to do was wait until I heard from the court (please see Page 2 and Page 16 in Attachment B for a discussion of that call). Nothing was said about a ten-day deadline or a 30-day extension or me not meeting any deadline. Even later, on June 11, 2007, I received two Orders from the Court of Appeals (see Page 18 of Attachment B) consolidating my case with the other three appellants and providing a Federal Public defender, after consolidation, apparently for all four of us. It seemed obvious that my appeal was proceeding. I have never received any indication from the court that my appeal was NOT timely until the Order of October 15, 2007. And the court certainly never offered to return my $455 in filing fees!

For even more details and proof of my efforts to do what is required, please refer to Attachment B.

The Appeals Court obviously sees the validity of my appeal and my attempts at timeliness in that it ordered the "show cause" to be discharged and it remanded the case to the district court "for a determination whether the appeal period *should be extended*" (italics mine), and included reference to two court cases in which discretionary and subjective timeliness is an issue.

1

Finally, it is my understanding that, at least in Alaska, pro se appellants are not held to the same high standards as lawyers. I have Googled the issue of timeliness for pro se appellants and have two "Memorandum Opinion and Judgment" examples from the Alaska Supreme Court that deal with this. The first, dated April 23, 2008, (see Attachment D), says, on Page 3: "We apply less stringent standards to pro se litigants than we do to attorneys," and then refers to *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of *pro se* litigants should be held to less stringent standards than those of lawyers."). The second Memorandum is dated March 5, 2008, (see Attachment E), and says, on Page 5: "We have previously held that "the pleadings of pro se litigants should be held to less stringent standards than those of lawyers," and refers to *Denardo v. Calista Corp.*, 111 P.3d 326, 330 (Alaska 2005). Also referred to on page 5 is the issue of whether the appellant "meaningfully participated" in the process leading up to the appeal.

My ignorance of the ten-day period is, at worst, excusable neglect, does not effect the validity of my appeal, and should not be used to dismiss my case. And there is no doubt, based on the record provided in this case, that I participated in a meaningful manner in the entire process.

Thank you.


Dated: June 7, 2008.

_____
Don G. Muller, Pro Se

2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Appellee, | |
| v. | **Case No. 06-MJ-6-58 (TFH/JMF)** |
| **DON G. MULLER,** | |
| Appellant. | |

### ORDER

On April 8, 2008, the United States Court of Appeals for the District of Columbia Circuit

ordered this case remanded for a determination whether the appeal period should be extended

under Fed. R. App. P 4(b)(4).  Accordingly, it hereby is

**ORDERED** that, on or before June 20, 2008, the appellant shall file a brief explaining

the reasons for his failure to file a notice of appeal within the ten-day period mandated by Fed. R.

App. P. 4(b)(1)(A) and attaching any documents, affidavits, or other such evidence in support

thereof.

**SO ORDERED.**

May ____, 2008

_____
Thomas F. Hogan
United States District Judge

UNITED STATES COURT OF APPEALS

For The District of Columbia Circuit

_____

**No. 07-3017**                                                    **September Term, 2007**

**06mj00006-58**
**and**
**06mj00006-58**
**06mj00006-60**
**06mj00006-64**
**06mj00006-67**

|                          |     |
|--------------------------|-----|
| United States of America, | )   |
|                          | )   |
| Appellee,                | )   |
|                          | )   |
| vs.                      | )   |
|                          | )   |
| Don G. Muller,           | )   |
|                          | )   |
| Appellant.               | )   |
| _____  | )   |


## RESPONSE TO COURT ORDERS REGARDING ABOVE CASES

In response to Order, dated October 15, 2007, that I, Don Muller (Appellant), "show cause within 30 days...why this appeal should not be dismissed as untimely";

And in response to Order, dated October 15, 2007, that "the consolidation of No. 07-3017 with No. 07-3010 be terminated," and that the "consolidation of No. 07-3018 with No. 07-3010 be terminated,"

I offer the following:

On June 19, 2006, I was granted (along with other appellants) by the US District Court for the District of Columbia, a 45-day extension (Exhibit 1) "to prepare there [sic] briefs, which shall be filed and served on or before July 17, 2006."

On July 13, 2006, I mailed my appeal brief (Exhibit 2, without appeal brief adopted by reference) by Overnight Mail to the Clerk's office, U.S. District Court for the District of Columbia. My brief was received on July 17, 2006, as shown by the U.S. Postal Service Track and Confirm Record (Exhibit 3). A courtesy copy of my brief was also mailed to Mr. G. Michael Harvey, Assistant U.S. Attorney, Federal Major Crimes Section, 555 4th Street, N.W., Washington, D.C. My filing was timely.

I then received an Order, dated January 4, 2007, from the U.S. District Court for the District of Columbia (Exhibit 4), affirming "the appellants' convictions" in Case No. 06-MJ-0006. On January 18, 2007, I filed a Notice of Appeal (Exhibit 5), along with $25.00 filing fee, to the U.S. District Court for the District of Columbia, sent by Certified Mail, Return Receipt. This filing was timely as indicated by the Return Receipt.

I then received a notice (in error, apparently) from the U.S. District Court for the District of Columbia, dated January 24, 2007 (Exhibit 6), that the appeal fee was $32.00, not $25.00, which I had sent earlier. On February 6, 2007, I sent by Certified Mail, Return Receipt, the balance of $7.00 (Exhibit 7) to the Clerk's

office. That was received, according to the Return Receipt, on February 12, 2007.

I then received an Order, dated February 22, 2007, from the U.S. Court of Appeals (Exhibit 8), that "by March 26, 2007, appellant either pay the $455.00 appellate docketing and filing fee to the Clerk of the District Court ...or file a motion in district court for leave to proceed on appeal in forma pauperis...." I chose to send payment, and on March 12, 2007, sent the balance of the fee, $423.00, to the Clerk's office by Certified Mail, Return Receipt (Exhibit 9). That payment was received on March 15, 2007, according to the Return Receipt. My payment was timely.

On March 29, 2007, I called the Clerk's office (202-216-7300) to ask about the status of my case, and was told that payment had been received and that I needed only to wait and hear from the court. I have no proof of what was said, but I do have a record of the phone call being made (Exhibit 10).

I then received two Orders, each dated June 11, 2007, from the U.S. Court of Appeals (Exhibit 11), that case Nos. 07-3010 and 07-3011 be referred to the Federal Public Defender for appointment of counsel, and that my case, No. 07-3017, and the case of Perry Reeve, No. 07-3018, be consolidated with Nos. 07-3010 and 07-3011.

I have heard nothing since June 11, 2007, until I received the two Orders, each dated October 15, 2007, to which this response is directed.

I have been timely with the court's requirements for filing briefs and for making payments, and the court has granted consolidation of my case with the other three.

I have clearly shown cause why my case should not be dismissed as untimely. I have also shown cause why my case (and the case of Perry Reeve, No. 07-3018) should remain consolidated with case Nos. 07-3010 and 07-3011. Further justification for all four cases to remain consolidated is that of judicial expediency: all four of us were arrested on the same day for the same reason, we were all convicted together, we all lost an appeal to Judge Hogan, and we all filed proper papers to consolidate.

Dated: October **29**, 2007.

_____
Don G. Muller, Pro Se

2

FILED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUN 1 9 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA

    **v.**

Case No.  0**6**-MJ-0006 (TFH/JMF)

DON G. MULLER,

    **Appellants.**

---

## ORDER

    Upon careful consideration of the pending Motions for Extension of Time filed by *pro se*

Appellants Evan Long, Courtney LeClaire-Conway, John Bostrom, Don Muller, Michael

Lawton, Perry Aiken Reeve, Pat Alviso, Robert Daniels, II, Lynn Maxine Robinson and Max

Obuszewski, as well as the United States' response in opposition thereto, it is hereby

    **ORDERED** that the Appellants' Motions for Extension of Time are **GRANTED IN**

**PART** and **DENIED IN PART**.  The Court will grant the Appellants' request for additional time

to prepare their briefs but will deny the request for 90 days as excessive in light of the fact that

the appeals have been pending since December 29, 2005, there has been no significant change in

representation or any other event warranting further delay, and the appellants have now had

nearly six months to prepare their appeals.  Accordingly, the Appellants shall have an additional

45 days to prepare there briefs, which shall be filed and served on or before July 17, 2006.  It is

also

     **ORDERED** that the Government's response in opposition to the Appellants' briefs shall

be filed and served on or before August 31, 2006.  In addition, it is

     **ORDERED** that the Appellants' reply brief in support of their appeals shall be filed and

served on or before September 8, 2006.  It is further

     **ORDERED** that the parties shall appear for a hearing to present arguments in support of

their respective positions on Friday, September 15, 2006 at 2:00 p.m. in Courtroom 25A, which

is located in the annex to the E. Barrett Prettyman United States Courthouse.  Finally, it is

     **ORDERED** that all parties shall comply with both the local rules of this Court as well as

the applicable federal rules when submitting any document for filing in this Court.  All

documents shall be filed with the Clerk of the Court and no party shall direct documents or

correspondence to Chief Judge Thomas Hogan, for filing or otherwise, unless authorized to do so

by the applicable rules or by leave of the Court.  *See, e.g.,* LCvR 5.1 of the Rules of the United

States District Court for the District of Columbia.  Copies of the local and federal rules are

available on the Court's internet web site at http://www.dcd.uscourts.gov/rules-forms.html.

     **SO ORDERED.**


June _15_, 2006

                                                    Thomas F. Hogan
                                                    Chief Judge

4

July 13, 2006

VIA OVERNIGHT MAIL

## Appeal Brief

Filed by Don Muller
Crim. No. P-0546982

In the case of
*United States v. Max Obuszewski, et al*
*Crim. No P-0571336*

Your Honor:

My appeal consists of two parts:
1. A copy (enclosed) of the statement I read to Magistrate Judge John Facciola at my trial on December 21, 2005;
2. The appeal briefs filed by Max Obuszewski and Lynn Robinson for this case, which I *adopt by reference*

My position has not changed from that described in my enclosed statement. All charges against me and my co-defendants should be dropped. It has become abundantly clear—even more so—since our arrests on September 26, 2005, that the war and the Bush administration are bankrupting our nation--morally, economically, culturally--and that we defendants were right to protest. The administration shows no signs of correcting their egregious errors, and continues on a course of international imperialism that is unparalleled in history.

As the Indian Nobel-Prize winner Rabindranath Tagore said in 1916, "...you who live under the delusion that you are free, are everyday sacrificing your freedom and humanity to this fetish of nationalism, living in the dense poisonous atmosphere of world-wide suspicion and greed and panic." We protesters are critical for the future of this nation if we wish to be a true democracy and an example for other people around the world.

Thank you for your consideration.


Don Muller

5

PRE-SENTENCING STATEMENT BEFORE JUDGE FACCIOLA

My name is Don Muller, defendant pro se. Thank you very much for letting me address you with this sentencing statement. In these remarks I am speaking in my own behalf, and not on behalf of others.

I live in Sitka, Alaska. I have been a bookseller there for nearly 30 years. My wife and I and two other couples opened Old Harbor Books in 1976. I have been involved in environmental and peace and justice issues for all that time. I protested against the first war against Iraq. I have protested continuously against the second war against Iraq since it became clear that the second Bush intended to invade.

I am standing before you for an act of civil disobedience which I carried out last September. My act of nonviolent civil disobedience was a protest against the immoral and criminal war—the slaughter—that the Bush Regime is waging against Iraq. George Bush should be standing before you now—he should be on trial. Not me or my co-defendants.

I am not sorry for what I did. I am extremely proud of what I and my fellow patriots in this courtroom did that day. I will do it again. We went to the White House sidewalk and presented our petition. We were not heard. We were ignored. I am only sorry that I have not done it more often. As Gandhi has said: "…when a government becomes lawless in an organized manner, civil disobedience becomes a sacred duty and is the only remedy open, specially to those who had no hand in the making of the government or its laws " If I have to choose between Gandhi and others like him--Martin Luther King and Thoreau--or Bush and others like him--Cheney and Rumsfeld--as examples to base my life on, as standards to strive for, I will always choose Gandhi and King and Thoreau. My act of civil disobedience—a tiny one, a small one, nothing compared to Gandhi or King--was the strongest nonviolent expression I could make against the war. My act of civil disobedience was—in addition to being a political statement—the strongest personal statement I could make against the war.

Your honor, I must inform you before sentencing that I will not agree to pay any fine you impose. And I will not agree to perform any community service. Both sentences trivialize the issue. I reject fines and community service as defined by the court, and I request jail time. I think my act of civil disobedience and my other protests against the war constitute the very highest forms of community service.

Your honor, I was raised as a Lutheran. I am not a Christian today, but I know that Jesus would not do what George Bush is doing to innocent people around the world. I believe that George Bush is not a Christian. I believe that he is a war criminal. I have to say that his actions indicate he is evil. In spite of his dim-wittedness, in spite of the fact that he can't speak in complete sentences, in spite of his lying day after day after day, he appears capable of carrying on evil actions as a matter of routine. And he has surrounded himself with people that happily carry out these actions. Under George Bush, America—always a country that uses terrorism as well as any country—has become the #1 terrorist nation in the world. America is the richest, most powerful terrorist nation the world has ever seen. And George Bush and his cabal call this democracy.

They carry out their democracy in my name. However, my hands are now blood-drenched from the acts of my so-called democratic government. I must draw the line.

Thank you for your consideration of my sentencing statement.

6



**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **EQ73 1985 661U S**
Status **Delivered**

Your item was delivered at 1 32 pm on July 17, 2006 in WASHINGTON,
DC 20001 to BANKRUPTCY 333 CONST  The item was signed for by D
SHIELDS

*Additional Details >    Return to USPS.com Home >*

**Track & Confirm**

Enter Label/Receipt Number

Notification Options

### Track & Confirm by email

Get current event information or updates for your item sent to you or others by email    *Go >*

### Proof of Delivery

Verify who signed for your item by email, fax, or mail    *Go >*



POSTAL INSPECTORS      site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust      Copyright © 1999-2004 USPS  All Rights Reserved. Terms of Use  Privacy Policy

FILED

JAN 4 - 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CINDY SHEEHAN, | |
| Appellant. | |
| v. | 05-MJ-0649 (AK/TFH) |
| UNITED STATES OF AMERICA, | |
| Appellee. | |
| | |
| DON G. MULLER, | |
| Appellants, | 06-MJ-0006 (JMF/TFH) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Appellee. | |

## ORDER

Pending before the Court are the appeals filed by Cindy Sheehan in Case Number 05-MJ-0649 and Max Obuszewski, Lynn Maxine Robinson, Perry Reeve, Don G. Muller, and Evan G. Long in Case Number 06-MJ-0006. For the reasons set forth in the Memorandum Opinion dated

December 19, 2006, it is hereby

**ORDERED** that the appellants' convictions are **AFFIRMED**.

**SO ORDERED**.

January **3** rd, 2007

_____
Thomas F. Hogan
Chief Judge

2

9

01/12/2007  17:08    0386                    FEDE...  ...05                         PAGE  01/03

CO-290
Rev. 3/88

Notice of Appeal Criminal

## United States District Court for the District of Columbia

UNITED STATES OF AMERICA          )
                                  )        M J
              vs.                 )     ~~Criminal~~ No. _0006 (JMF/TFH)_
                                  )
                                  )
_____   )

### NOTICE OF APPEAL

Name and address of appellant:

Name and address of appellant's attorney:

   *I am representing Myself*

Offense: *Demonstrating Without a Permit*

Concise statement of judgment or order, giving date, and any sentence:

   *Demonstrating without a Permit in violation of*
   *36 C.F.R. §7.96(g).*

Name and institution where now confined, if not on bail:

       I, the above named appellant, hereby appeal to the United States Court of Appeals for the
District of Columbia Circuit from the above-stated judgment.

   _1/18/07_                              _Don G. Muller_
   DATE                                   APPELLANT

                                          _____
                                          ATTORNEY FOR APPELLANT

.GOVT. APPEAL, NO FEE...[   ]     *Enclosed: Money order for $25.00*
CJA, NO FEE             [   ]
PAID USDC FEE           [   ]
PAID USCA FEE           [   ]
Does counsel wish to appear on appeal?        YES[  ]    NO [X]
Has counsel ordered transcripts?              YES[  ]    NO [X]
Is this appeal pursuant to the 1984 Sentencing Reform Act?   YES[  ]    NO [  ]   ?

13

**CUSTOMER'S RECEIPT**

DO NOT SEND THIS RECEIPT FOR PAYMENT
KEEP IT FOR YOUR RECORDS

93033530785  070118  998351  **25*00

| | | |
|---|---|---|
| SERIAL NUMBER | SCAN MONTH DAY | POST OFFICE | U.S. DOLLARS AND CENTS |
| PAY TO | Clerks office, U. Court Haus | | |
| ADDRESS | Dist. of. Columbia | | Don Nulter |

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com®**

7005 3110 0001 4936 3937

| | |
|---|---|
| Postage | $ .39 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here — SITKA, AK
JAN 18 2007

Sent To  Clerks office
Street, Apt No.; or PO Box No.
City, State, ZIP+4  W. D. C. 20001

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Clerk's Office
Dist. of Columbia
U.S. Court House
333 Constitution Ave NW
W. D. C. 20001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7005 3110 0001 4936 3937

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

11

333 Constitution Avenue, NW
Washington, DC 20001

THE ENCLOSED PAPERS ARE RETURNED FOR THE FOLLOWING REASON(S):

( )    Your pleading is being returned for your signature.

( )    Future pleadings must contain a completed address and regulation number.

( )    You must provide a case number or full name, date of birth, date of arrest and the charge.

( )    Sent to this Court in error.

( )    The cost for copying is 50 cents per page, 10 cents per page for electronic case filing
       (ECF).  The documents you have requested consist of _____ pages.  Copies will be
       forwarded to you upon receipt of a money order or check payable to "Clerk, U.S. District
       Court" in the amount  of _____.  An additional $9.00 is required, if certification is
       needed.

( )    The cost for a criminal record search is $26.00.  Your request will be processed within 24
       hours upon receipt of a money order or check payable to "Clerk, U.S. District Court".

( )    Unable to find a case in this Court.

( )    Please provide the Court with an Original pleading.

(x)    Other : The Appeal fee is $32 and you only
       provided $75. (See attached rule of
       procedure)

Date: 1/24/07

BY:  Tiffany Reed

       CRIMINAL DIVISION UNIT
       (202) 354-3060

10/11/05

12

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.64 |

Postmark Here — FEB – 6 2007

Sent To  *Clerks office*

Street, Apt No., or PO Box No.

City, State, ZIP+4  *WDC   20001*

PS Form 3800, June 2002          See Reverse for Instructions

Clerk's Office
U.S. District Court
District of Columbia
U.S. Court House
333 Constitution Avenue, NW
Washington, DC  20001

Hello:

Please find enclosed the balance due for my appeal fee.  I have enclosed a US Postal Service money order for $7.00.  I have also enclosed a copy of the letter notifying me that the balance is due.

Thanks very much.  Please do not hesitate to contact me if you need more information.

Don Muller

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1  Article Addressed to

*Clerk's office*
*U.S. District court*
*Dist. of Columbia*
*333 Constitution Ave NW*
*Washington, DC. 20001*

**COMPLETE THIS SECTION ON DELIVERY**

A  Signature

X ☐ Agent ☐ Addressee

B  Received by (Printed Name)    C  Date of Delivery

D  Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below ☐ No

FEB 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3  Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C O D

4.  Restricted Delivery? (Extra Fee) ☐ Yes

2  Article Number
(Transfer from service label)   7006 0100 0003 8516 1060

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

13

# United States Court of Appeals
## For The District of Columbia Circuit

_____

**No. 07-3017**                          **September Term, 2006**

**06mj00006-58**

*Filed On:*

USA,

        Appellee

   v.

Don Muller,

        Appellant



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    FEB 2 2 2007

**CLERK**

## O R D E R

Because appellant has not paid the appellate docketing fee in this case, it is

**ORDERED**, on the court's own motion, that by March 26, 2007, appellant either pay the $455.00 appellate docketing and filing fees to the Clerk of the District Court, see Fed. R. App. P. 3(e); 28 U.S.C. § 1917, or file a motion in district court for leave to proceed on appeal in forma pauperis, see Fed. R. App. P. 24(a). See Attachment. In the event the district court denies leave to proceed on appeal in forma pauperis, appellant may renew that request in this court. See Fed. R. App. P. 24(a)(5).

Appellant's failure to respond to a dispositive motion or comply with any order of the court, including this order, will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested and by first class mail.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Sabrina M. Crisp
Deputy Clerk

Attachment:  Motion for Leave to Proceed on Appeal In Forma Pauperis

14

March 12, 2007

Clerk's Office
U.S. Court of Appeals
    for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC  20001

Hello:

Please find enclosed the balance due for my appeal fee for case *06mj00006-58* (copy enclosed).  I have enclosed a US Postal Service money order for $423.00; I have deducted the two earlier payments of $25 and $7, which I had sent earlier thinking these were the appeal fees (please see enclosed letter for each of these payments).

I apologize for the inconvenience this is causing.  I have received confusing information from the court regarding this appeal, but I have tried to keep on schedule.

Thanks very much.  Please contact me immediately if you need more information or have questions about this admittedly confusing series of events!  And if you try and call me, please keep in mind that here in Sitka, we are fo

Don Muller
Don Muller

15

**OLD HARBOR BOOKS**
**Account Number:**
Invoice Number:

| | |
|---|---|
| Page: | 4 of 5 |
| Invoice Date: | 4/26/2007 |
| Due Date: | 5/18/2007 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **10 Total Interstate calls** | | | | | **78.0** | **$1.96** |

**Intrastate calls**
**Off Net calls**

| Date | Time | Number | Where | | Minutes | Total Amount |
|---|---|---|---|---|---|---|
| 18 Wed 4/18/07 | 3 24 PM | 907-491-0758 | SEWARD, AK | | 1 0 | $0 15 |
| **1 Total Intrastate calls** | | | | | **1.0** | **$0.15** |
| **11 Total calls billed to :** | | | | | **79.0** | **$2.11** |

**Calls billed to**
**Anytime Package (GF) calls**
**International calls**

| Date | Time | Number | Where | Minutes | Total Amount |
|---|---|---|---|---|---|
| 19 Fri 4/06/07 | 1 56 PM | 604-883-2730 | PENDERHRBR, BC | 2 0 | $1 76 |
| **1 Total International calls** | | | | **2.0** | **$1.76** |

**Interstate calls**
**Off Net calls**

| Date | Time | Number | Where | | Minutes | Total Amount |
|---|---|---|---|---|---|---|
| 20 Mon 3/26/07 | 11 59 AM | 202-216-7300 | WASHINGTON, DC | 4 0 free | 4 0 | $0 00 |
| 21 Mon 3/26/07 | 4 18 PM | 816-521-4928 | INDEPNDNCE, MO | 6 0 free | 6 0 | $0 00 |
| 22 Tue 3/27/07 | 10 48 AM | 206-245-5485 | SEATTLE, WA | | 1.0 | $0 07 |
| 23 Thu 3/29/07 | 9 56 AM | 202-216-7300 | WASHINGTON, DC | | 3 0 | $0.21 |
| 24 Mon 4/02/07 | 3 32 PM | 419-255-7552 | TOLEDO, OH | | 2 0 | $0 14 |
| 25 Mon 4/02/07 | 3 34 PM | 419-242-7317 | TOLEDO, OH | | 2 0 | $0 14 |
| 26 Tue 4/03/07 | 12 29 PM | 404-824-5661 | ATLANTA, GA | | 1 0 | $0 07 |
| 27 Tue 4/03/07 | 3 14 PM | 816-521-4928 | INDEPNDNCE, MO | | 5 0 | $0 35 |
| 28 Wed 4/04/07 | 1 33 PM | 360-521-7705 | VANCOUVER, WA | | 1 0 | $0 07 |
| 29 Wed 4/04/07 | 5 02 PM | 218-339-7800 | CASS LAKE, MN | | 80 0 | $5 60 |
| 30 Thu 4/05/07 | 11 15 AM | 510-528-5436 | OKLD BKLY, CA | | 2 0 | $0 14 |
| 31 Thu 4/05/07 | 3 11 PM | 360-354-8672 | LYNDEN, WA | | 24 0 | $1 68 |
| 32 Thu 4/05/07 | 3 47 PM | 816-521-4928 | INDEPNDNCE, MO | | 3.0 | $0 21 |
| 33 Sat 4/07/07 | 2 08 PM | 206-245-5485 | SEATTLE, WA | | 6 0 | $0 42 |
| 34 Mon 4/09/07 | 8 30 AM | 517-355-9543 | LANSING, MI | | 2 0 | $0 14 |
| 35 Mon 4/09/07 | 11 28 AM | 212-736-1767 | NEW YORK, NY | | 2 0 | $0.14 |
| 36 Mon 4/09/07 | 12 46 PM | 503-830-6399 | PORTLAND, OR | | 2 0 | $0 14 |
| 37 Mon 4/09/07 | 3 13 PM | 816-521-4928 | INDEPNDNCE, MO | | 4 0 | $0 28 |
| 38 Wed 4/11/07 | 3 43 PM | 816-521-4928 | INDEPNDNCE, MO | | 3 0 | $0 21 |
| 39 Fri 4/13/07 | 9 34 AM | 202-224-4435 | WASHINGTON, DC | | 16 0 | $1 12 |
| 40 Mon 4/16/07 | 12 52 PM | 434-466-3724 | CHARLOTSVL, VA | | 2 0 | $0 14 |
| **21 Total Interstate calls** | | | | | **171.0** | **$11.27** |

**Intrastate calls**
**Off Net calls**

| Date | Time | Number | Where | Minutes | Total Amount |
|---|---|---|---|---|---|
| 41 Fri 3/30/07 | 11 02 AM | 907-523-7797 | JUNEAU, AK | 1 0 | $0 15 |
| 42 Fri 3/30/07 | 2 15 PM | 907-463-3312 | JUNEAU, AK | 1 0 | $0 15 |
| 43 Mon 4/02/07 | 1 50 PM | 907-456-0261 | FAIRBANKS, AK | 1 0 | $0 15 |
| 44 Tue 4/03/07 | 8 41 AM | 907-452-9277 | FAIRBANKS, AK | 2 0 | $0 30 |
| 45 Tue 4/03/07 | 12 27 PM | 907-491-0758 | SEWARD, AK | 1 0 | $0 15 |
| 46 Wed 4/04/07 | 12 49 PM | 907-586-4708 | JUNEAU, AK | 2 0 | $0 30 |
| 47 Wed 4/04/07 | 2 28 PM | 907-451-5996 | FAIRBANKS, AK | 2 0 | $0 30 |
| 48 Wed 4/04/07 | 2 30 PM | 907-452-9392 | FAIRBANKS, AK | 2 0 | $0 30 |

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

## No. 07-3010

## September Term, 2006

**06mj00006-60**
**06mj00006-67**

**Filed On:**

United States of America,
     Appellee

   v.

Max Obuszewski,
     Appellant

```
UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    JUN 1 1 2007

         CLERK
```

Consolidated with 07-3011

_____
### 07-3017

06mj00006-58

United States of America,
     Appellee

   v.

Don Muller,
     Appellant

_____
### 07-3018

06mj00006-64

United States of America,
     Appellee

   v.

Perry Aiken Reeve,
     Appellant

17

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 07-3010**                    **September Term, 2006**

**BEFORE:**    Randolph, Garland, and Griffith, Circuit Judges

## O R D E R

Upon consideration of the motions for appointment of counsel filed by Max Obuszewski and Lynn Robinson in Nos. 07-3010 and 07-3011, it is

**ORDERED** that the motions be granted and that Nos. 07-3010 and 07-3011 be referred to the Federal Public Defender for appointment of counsel. The interests of justice warrant appointment of counsel in those cases. <u>See</u> 18 U.S.C. § 3006A(a)(2)(A). It is

**FURTHER ORDERED**, on the court's own motion, that No. 07-3017, <u>United States v. Muller</u>, and No. 07-3018, <u>United States v. Reeve</u>, be consolidated with Nos. 07-3010 and 07-3011.

### Per Curiam

*AFRI COPY*

*Mg*
*jbg/cru*

18

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-3017**                    **September Term, 2007**

06mj00006-58

Filed On:

United States of America,
        Appellee

        v.

Don Muller,
        Appellant

## O R D E R

Appellant is seeking review of an order of the United States District Court for the District of Columbia entered on January 4, 2007. The notice of appeal was filed on January 22, 2007, which is beyond the 10-day period provided by Fed. R. App. P. 4(b)(1)(A). Upon consideration of the foregoing, it is

**ORDERED**, on the court's own motion, that appellant show cause within 30 days of the date of this order why this appeal should not be dismissed as untimely. The response to the order to show cause may not exceed 20 pages. Appellant's failure to respond to this order will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order to appellant by certified mail, return receipt requested, and by first class mail.

FOR THE COURT:
Mark J. Langer, Clerk

BY: *Sabrina M. Crisp*

Sabrina M. Crisp
Deputy Clerk

NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.*

### THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| LARRY VARILEK as Personal ) | |
| Representative of the Estate of ) | |
| Martha Dunnagan, ) | |
| ) | Supreme Court No. S-12354 |
| Appellant, ) | |
| ) | Superior Court No. |
| v. ) | 3AN-05-08048 CI |
| ) | |
| MARY ANNE BURKE, ) | |
| BOARD OF EQUALIZATION, ) | |
| MUNICIPALITY OF ANCHORAGE, ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND JUDGMENT</u>* |
| Appellee. ) | |
| _____ ) | No. 1305 - April 23, 2008 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Craig F. Stowers, Judge.

Appearances: Larry Varilek, pro se, Houston. Thomas M. McDermott, Assistant Municipal Attorney and James N. Reeves, Municipal Attorney, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Eastaugh, Carpeneti, and Winfree, Justices. [Matthews, Justice, not participating.]

1. In June 1997 the superior court issued a protective order for Martha Dunnagan, an elderly woman. The superior court found that Dunnagan suffered from a neurocognitive disorder and appointed Professional Guardianship Services Corporation

---

\*      Entered pursuant to Alaska Appellate Rule 214.

\[

(PGSC) as her legal guardian and conservator. In October 1999 PGSC moved Dunnagan from her home in Anchorage to a health care facility in Palmer. Dunnagan died on October 16, 2000. In August 2002 the probate court named Dunnagan's friend Larry Varilek as the personal representative of her estate. In May 2004 the Municipality of Anchorage foreclosed on the Dunnagan residence for failure to pay taxes. Varilek claims that the taxes went unpaid because the tax notices for 2002, 2003, and 2004 were sent, erroneously, to PGSC.

2.    Varilek contacted the municipality in April 2004 to notify it of his intent to contest the foreclosure for lack of notice and to appeal the assessed value of the property and the rate at which it was taxed. In April 2005 the Anchorage Board of Equalization held a hearing, at which Varilek appeared as representative of the estate, to consider Varilek's appeal of the municipality's 2005 assessment of the property. At the hearing the Board of Equalization refused to consider Varilek's challenges to the 2002-2004 assessments, asserting that the challenges were untimely. Ultimately, the Board of Equalization voted to deny Varilek's appeal and uphold the municipality's 2005 assessment.

3.    In May 2005 Varilek filed an appeal in the superior court as a pro se litigant challenging the Board of Equalization's decision. The opening brief in this appeal was due on October 4, 2005. On November 9, 2005, Varilek filed a request for an extension to file his opening brief. The superior court granted Varilek's request, setting a new due date for the brief of December 10, 2005. On January 26, 2006, when Varilek still had not filed his opening brief, the Municipality of Anchorage filed a motion to dismiss Varilek's appeal. Varilek filed his opposition to the motion to dismiss on February 8, 2006 using a court form to which he attached a memo that contained a request for an additional sixty-day extension. Eight days later, on February 16, 2006,

Varilek filed a second opposition to the motion to dismiss again using the court form and again requesting an extension. Varilek's oppositions to the motion to dismiss cited his failure to secure title to the residence and the insufficiency of the estate's funds to finance renovation, as well as the burden on Varilek of pursuing other litigation and an unspecified "non reversable [sic] medical condition," as the reasons for his failure to file his opening brief and as the basis for his requested extension. The municipality did not object to Varilek's request for an extension. The superior court did not rule on the request.

4.    On April 13, 2006, the superior court dismissed Varilek's case under Alaska Appellate Rules 511.5(c) and 212(a)(1). The superior court's order dismissing the case cited Varilek's failure to comply with either the original or extended due dates and the insufficiency of the reasons given by Varilek for his failure to file an opening brief. On April 27, 2006, Varilek filed a motion for reconsideration to which he attached his opening brief. On May 26, 2006, the superior court denied Varilek's motion for reconsideration.

5.    We apply less stringent standards to pro se litigants than we do to attorneys.[1] Accordingly, we have reversed the order of a superior court dismissing a pro se litigant's appeal of an administrative agency decision when the dismissal was predicated on deficiencies of form in the pleadings.[2] The less stringent standard applies, however, only to the quality of the pleadings themselves. We have declined to extend the less stringent standard "to require judges to warn pro se litigants on aspects of

---

[1]    *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) ("[T]he pleadings of *pro se* litigants should be held to less stringent standards than those of lawyers.").

[2]    *Collins v. Arctic Builders*, 957 P.2d 980, 982-83 (Alaska 1998).

procedure when the pro se litigant has failed to at least file a defective pleading."[3]  In

drawing this distinction, we noted that "[t]he Alaska Rules . . . have been promulgated

for the specific purpose of giving fair and reasonable notice to all parties of the

appropriate procedural standards that should be uniformly applied when any party,

including a pro se litigant, seeks relief in the pending action."[4]

      6.    The superior court dismissed Varilek's complaint under Rule

511.5(c) for failure to comply with Rule 212(a)(1). Rule 511.5(c) states that "[t]he court

may, upon motion of a party or its own motion, dismiss an appeal for failure to comply

with these rules, whether or not prior notice of default has been given."   Rule

212(a)(1)(A) states that "[t]he appellant shall serve and file the appellant's brief within

30 days after the court gives notice . . . of the due date for appellant's brief."  Varilek

failed to file his opening brief by the first date set by the court and then again by the

extended December 10 deadline. We will vacate the dismissal under Rule 511.5 of a pro

se litigant's complaint, however, when the pro se litigant made a good faith effort to

comply with applicable court rules or orders, and when the harsh remedy of dismissal

cannot be justified by some controlling principle such as a need to punish the wrongdoer,

deter like conduct, preserve the integrity of the fact finding process, or protect the dignity

of the court.[5]

      7.    Here, Varilek requested a sixty-day extension on February 8, 2006,

when he filed his opposition to the motion to dismiss. This request was not opposed by

the municipality. The request was made using the same court form that Varilek had

---

[3]    *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099
(Alaska 1989).

[4]    *Id.*

[5]    *See Metcalf v. Felec Servs.*, 938 P.2d 1023, 1025 (Alaska 1997).

4

successfully used to request an extension on November 9, 2005. The superior court did not rule on this request. There is no question that the superior court was aware of the request for an extension as it acknowledged the request in its order dismissing Varilek's complaint. The superior court dismissed Varilek's complaint on April 13, 2006, more than two months after Varilek filed his opposition to the motion to dismiss that included his request for an extension. We recognize that the superior court may have intended — in waiting two months after Varilek filed his opposition to the motion to dismiss and his request for an extension before dismissing the complaint — to grant Varilek the sixty extra days he requested. But the practical effect of the superior court's failure explicitly to rule on the request for an extension was to place all of the parties in a state of legal uncertainty. By failing to rule on Varilek's request for an extension, the superior court may have discouraged Varilek from submitting his opening brief to the court in time, because the deadline for filing the brief had passed and there was a pending but unresolved motion to extend the deadline. The superior court's order dismissing Varilek's complaint cited his failure to comply with Rule 212(a)(1) and his failure to comply with the court order establishing a deadline of December 10 for filing his opening brief, but did not find bad faith on Varilek's part, and did not offer any additional controlling principle to justify the harsh remedy of dismissal.

　　　　8.　　In *Metcalf v. Felec Services*, we reversed a superior court's dismissal of a complaint by a pro se litigant for failure to file a timely opening brief when the pro se litigant had submitted the brief to the court after the filing deadline but more than two weeks before the superior court dismissed the case.[6] When Varilek filed his motion for reconsideration on April 27, 2006, he attached a copy of his opening brief. Varilek might have produced his opening brief earlier if the superior court had ruled on his request for

---

[6]　　*Id.*

an extension. If the superior court had ruled on the request for an extension and Varilek had submitted his opening brief before the superior court dismissed the complaint, Varilek would have been in a similar posture to the pro se appellant in *Metcalf* where we held that it was an abuse of discretion for the superior court to dismiss the complaint.[7]

       9.     We therefore conclude that it was an abuse of discretion to dismiss Varilek's complaint under Rule 511.5 when the superior court had not ruled on Varilek's unopposed request for an extension. Even though Varilek had already missed the most recent deadline for filing a timely brief, it is possible that if the superior court had ruled on his request for an extension Varilek may have submitted his opening brief in time to avoid dismissal of his complaint. Given the less stringent standard we apply to pro se litigants, the superior court should have ruled on Varilek's request for an extension and then considered the municipality's motion for dismissal. Accordingly, we VACATE the order of dismissal and REMAND to the superior court for further proceedings consistent with this opinion.

---

[7]   *See id.*

## NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.*

## THE SUPREME COURT OF THE STATE OF ALASKA

DANA L. OLSON,                )
                             )    Supreme Court No. S-12474
                Appellant,   )
                             )    Superior Court No. 3PA-06-01228 CI
    v.                       )
                             )    <u>MEMORANDUM OPINION</u>
STATE OF ALASKA,             )    <u>AND JUDGMENT</u>*
DEPARTMENT OF NATURAL        )
RESOURCES, MIKE MENGE,       )    No. 1301 – March 5, 2008
COMMISSIONER, DIVISION OF    )
FORESTRY,                    )
                             )
                Appellee.    )
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Dana L. Olson, pro se, Wasilla, Appellant. Kevin M. Saxby, Assistant Attorney General, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Matthews, Eastaugh, and Carpeneti, Justices.

_____

\*    Entered pursuant to Appellate Rule 214.

## I.    INTRODUCTION

Dana Olson filed an administrative appeal challenging a State of Alaska Department of Natural Resources timber sale. The superior court granted the State's motion to dismiss and Olson appeals the dismissal. Because Olson did not meet the statutory eligibility requirements to appeal the agency's determination, we affirm the superior court's order dismissing the appeal.

## II.    FACTS AND PROCEEDINGS

On May 1, 2006, Dana Olson appealed the Department of Natural Resource's (DNR's) decision to proceed with the West Petersville # 1 Timber Sale. The sale was scheduled for the next day. Prior to her superior court appeal, Olson had not been involved in the administrative process.

The sale was the result of a multi-year planning process throughout which the State solicited and responded to public comments. In January 2005 DNR published the Five-Year Schedule of Timber Sales (FYSTS), which included the West Petersville # 1 Timber Sale. The Department provided notice[1] of the sale and accepted public comment until March 7, 2005. According to DNR, "[t]wenty-nine comments were received and used to identify issues that were later addressed in the Forest Land Use Plans." Olson did not submit comments on the proposed timber sale.

---

[1]    Notice was published in the ANCHORAGE DAILY NEWS and MAT-SU VALLEY FRONTIERSMAN newspapers, was

posted in all Mat-Su post offices and on the State of Alaska Public Notice and the Division of Forestry websites, [and was] also sent to agencies, Mat-Su community councils, tribal councils, Native corporations, planning commissions, Legislative offices, conservation groups, small mill operators, timber industry representatives, and private citizens who had requested such mailings.

DNR then issued a preliminary Forest Land Use Plan (FLUP) on October 11, 2005. DNR invited public comment on the preliminary FLUP and "[f]or each point raised, either a change was made to the proposed timber sale contract . . . , the final FLUP was amended . . . , or the response explained why a change was not appropriate." Following the public comment period, DNR published the final FLUP on January 3, 2006.

The final FLUP provided that "[any] person affected by this decision who provided timely written comment [could] request reconsideration [of the decision]." The requests for reconsideration were due to the State by January 24, 2006; on March 22, 2006, the agency released its final decision on reconsideration. DNR indicated that the decision could be appealed to the superior court within thirty days.

Olson appealed the administrative decision to the Palmer Superior Court on May 1, 2006, ten days after the thirty-day window had closed. She appealed the FLUP, contending that "notice [was] not afforded," and sought a "court order to revise/amend Susitna Area Plan."

The State moved to dismiss the appeal. The superior court dismissed Olson's appeal with prejudice because "it [was] untimely, because the appellant failed to participate in the underlying administrative process, and because the issues raised are moot." Olson filed a motion for reconsideration, which was denied. Olson appeals the dismissal.

## III.   DISCUSSION

### A.    Standard of Review

We review decisions granting or denying motions to dismiss de novo.[2] When reviewing these decisions, we take the allegations contained in the complaint to be true.[3] We affirm the grant of motions to dismiss when it appears that the claimants "can prove no set of facts which would entitle them to relief."[4]

### B.    The Superior Court Properly Dismissed Olson's Appeal Under AS 38.05.035.

Alaska Statute 38.05.035(i) designates those individuals who may appeal agency decisions like the Forest Land Use Plan:

> A person is eligible to file an administrative appeal or a request for reconsideration if the person
>
> (1)    meaningfully participated in the process set out in this chapter for receipt of public comment by
>
> (A)    submitting written comment during the period for receipt of public comment; or
>
> (B)    presenting oral testimony at a public hearing, if a public hearing was held; and
>
> (2)    is affected by the final written finding.

The State argues that because Olson "did not comment, testify or request an administrative appeal or reconsideration as described in AS 38.05.035(i)," she was not eligible to bring an appeal to the superior court.

---

[2]    *Varilek v. City of Houston*, 104 P.3d 849, 851 (Alaska 2002).

[3]    *Valdez Fisheries Dev. Ass'n v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 664 (Alaska 2002).

[4]    *Id.*

*1301*

4

We have previously held that "the pleadings of pro se litigants should be held to less stringent standards than those of lawyers."[5] But in this case, the statutory scheme specifically identifies the persons who are "eligible to file an administrative appeal" of the agency decision, and the superior court had no discretion to disregard the statutory scheme.[6] Olson fails to offer any evidence that she "meaningfully participated in the |public| process" at any stage before she filed her appeal.[7] And she does not dispute that the agency's deadlines for comment or testimony were clear. She simply failed to participate until she filed her administrative appeal in the superior court, and she was thus ineligible to file an administrative appeal under the statute.[8]

Because the statute identifies the individuals who are eligible to bring administrative appeals and because Olson's lack of participation in the underlying administrative process rendered her ineligible, she can "prove no set of facts which would entitle |her| to relief."[9] The superior court appropriately dismissed her appeal.

## IV.    CONCLUSION

We AFFIRM the decision of the superior court.

---

[5]    *DeNardo v. Calista Corp.*, 111 P.3d 326, 330 (Alaska 2005).

[6]    *See* AS 38.05.035(i).

[7]    *See id.*

[8]    *See id.*

[9]    *Valdez Fisheries*, 45 P.3d at 664.